UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TONY A. JACOBS, individually
and on behalf of all others
similarly situated,

        Plaintiff,

   v.

GENESCO, INC.,

        Defendant.
_____/

NO. CIV. S-08-1666 FCD DAD

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

This matter is before the court on defendant Genesco, Inc's ("defendant") motion to dismiss and to strike plaintiff Tony A. Jacobs' ("plaintiff") class action complaint, alleging various wage and hour violations by defendant.[1] Specifically, defendant seeks to dismiss plaintiff's claims for relief for (1) conversion, arguing that the failure to pay wages is not

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

legally cognizable as a conversion claim; (2) injunctive relief, arguing as a former employee of defendant, plaintiff lacks standing to request such a remedy; and (3) punitive damages, arguing they are not an available remedy for claims brought under the California Labor Code.  Fed. R. Civ. P. 12(b)(6).  With respect to each of these claims, defendant separately moves to strike all allegations in the complaint which pertain to these claims.  Fed. R. Civ. P. 12(f).

For the reasons set forth below, the court GRANTS in part and DENIES in part defendant's motion to dismiss.  Plaintiff's conversion and punitive damages claims are not legally tenable and thus are dismissed, without leave to amend.  Plaintiff's request for injunctive relief, however, is cognizable as plaintiff has standing to assert the subject class claims.  Based on these rulings, defendant's motion to strike is DENIED.

**BACKGROUND**

Plaintiff, a former assistant manager of defendant, filed a class action complaint in the Shasta County Superior Court on June 16, 2008, alleging defendant failed to pay employees all wages due, to provide employees required meal and rest periods, and to provide employees itemized wage statements.  On behalf of himself and all other similarly situated employees, plaintiff asserts claims for (1) minimum and overtime wages owed; (2) failure to provide meal and rest periods; (3) failure to provide meal periods after five hours worked; (4) penalties under the California Labor Code; (5) conversion; (6) failure to comply with itemized employee wage statement requirements; (7) unfair competition; (8) declaratory relief; (9) accounting; and

2

(10) injunctive relief.[2]  With respect to the third claim for relief for failure to provide meal periods after five hours worked, as required by Labor Code § 512, plaintiff seeks an award of punitive damages.  (Compl., filed Aug. 25, 2008.)

On July 18, 2008, defendant removed the action to this court on the basis of diversity jurisdiction.  It now moves to dismiss certain claims for relief on the grounds that two of plaintiff's claims are barred as a matter of law, and one claim, plaintiff lacks standing to assert.

**STANDARD**

**1.   Motion to Dismiss**

On a motion to dismiss, the allegations of the complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.  See id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983).  Moreover, the court "need not assume the truth of legal

---

[2] Plaintiff's wage and hour claims are brought pursuant to the California Labor Code and corresponding Industrial Welfare Commission Wage Orders.  (Compl., filed Aug. 25, 2008.)

3

conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hudson v. King & Spalding, 467 U.S. 69, 73 (1984)).

**2.   Motion to Strike**

Federal Rule of Civil Procedure 12(f) enables the court by motion of a party or by its own initiative to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The function of a 12(f) motion is to avoid the time and expense of litigating spurious issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994); see also 5A Wright & Miller, Federal Practice and Procedure 2d § 1380 (1990).

Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted, because they are often used to delay, and because of the limited importance of the pleadings in federal practice. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). A motion to strike should not be granted "unless it

4

is clear that the matter to be stricken could have no possible bearing on the litigation." Lilley v. Charren, 936 F. Supp. 708, 713 (N.D. Cal. 1996) (citing Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).

**ANALYSIS**

**1.   Conversion**

Defendant moves to dismiss plaintiff's fifth claim for relief for conversion, arguing the statutory remedies set forth in the California Labor Code provide the exclusive remedies for recovering unpaid wages. The Ninth Circuit has not considered the issue. However, several district court opinions support defendant's position. See Green v. Party City Corporation, 2002 U.S. Dist. LEXIS 7750 (C.D. Cal. Apr. 9, 2002) (holding the "statutory remedies for unpaid overtime wages bar[red] [the] plaintiff's claim for conversion"); Pulido v. Coca-Cola Enterprises, Inc., 2006 U.S. Dist. LEXIS 43765 (C.D. Cal. May 25, 2006) (citing Green and barring the plaintiff's conversion claim in case alleging failure to provide lawful meal and rest periods); Vasquez v. Coast Valley Roofing, Inc., 2007 WL 1660972 (E.D. Cal. June 6, 2007) (barring conversion claim in case premised on Labor Code claims for failure to pay minimum and overtime wages and to provide meal and rest periods); In re Wal-Mart Stores, Inc. Wage and Hour Litigation, 505 F. Supp. 2d 609, 618-19 (N.D. Cal. 2007) (holding "a claim for unpaid wages under the Labor Code cannot form the basis for a claim of conversion given the existence of the Labor Code's 'detailed remedial scheme for violation of its provisions.'") Plaintiff does not cite any authority to the contrary, nor does he address in any respect

5

1  these district court opinions.  (See Opp'n, filed Aug. 19, 2008,
2  at 3-6.)
3     This court finds the above decisions persuasive and likewise
4  finds here that plaintiff's conversion claim is barred.  Like the
5  plaintiffs in each of the above cases, plaintiff bases his
6  conversion claim entirely on defendant's violations of the Labor
7  Code.  Plaintiff alleges:

> The Labor Code, and other applicable law, provides that
> wages become the property of the employees on the next
> payday after they are earned.  In failing to pay and
> retaining the wages owed to Plaintiff and Class members
> on and after the next payday after they were owed,
> Defendants wrongfully exercised dominion and control
> over monies owed to Plaintiff and Class members.

12 (Compl., ¶ 41.)
13    Conversion is a tort consisting of the wrongful exercise of
14 dominion over personal property of another.  "A claim for
15 conversion properly lies where there is substantial interference
16 with possession of the property or the right to it."  In re Wal-
17 Mart Stores, 505 F. Supp. 2d at 618.  Tangible property and
18 intangible property, such as bonds, notes and bills of exchange,
19 may be the subject of a conversion claim, as may money, so long
20 as a specific, identifiable sum is at issue.  Id.
21    However, under California law, where a statute creates a
22 right that did not exist at common law and provides a
23 comprehensive and detailed remedial scheme for its enforcement,
24 the statutory remedy is exclusive.  Rojo v. Kliger, 52 Cal. 3d
25 65, 79 (1990).  Here, all of the allegations in the complaint
26 seek relief based on the comprehensive scheme implemented by the
27 Labor Code, governing wages and hours worked.  Indeed, plaintiff
28 does not dispute that the duties to pay wages and to provide

6

certain meal and rest periods were created by statute, and that the Labor Code provides a detailed remedial scheme for violation of its provisions. Thus, as the courts in Green, Pulido, Vasquez, and In re Wal-Mart Stores held, plaintiff is limited to the remedies provided by statute and may not separately allege a tort claim for conversion. Thus, said claim for conversion is hereby dismissed with prejudice.

### 2.  Injunctive Relief

Defendant moves to dismiss plaintiff's claim for injunctive relief, asserting that plaintiff lacks standing to seek such relief as a former employee of defendant. As support, defendant cites cases wherein *individual* plaintiffs were denied injunctive relief based on the lack of a current contractual relationship with the defendant or based on a failure to show a real and immediate threat of future harm by the defendant. (Mem. of P. & A., filed July 25, 2008, at 7-9.) These cases are inapposite as they do not address *class* claims, which are at issue here.

In representative actions, courts have held that former employees have standing to represent current employees. See Wofford v. Safeway Stores, 78 F.R.D. 460, 474 (N.D. Cal. 1978) (recognizing that a rule disqualifying discharged employees from representing current employees as a matter of law would be "intolerable" since it would allow an unscrupulous employer to immunize itself from class action suits for injunctive relief simply by terminating currently employed plaintiffs); Wetzel v. Liberty Mutual Ins. Co., 508 F.2d 234, 247 (3rd Cir. 1975) (allowing a former employee to represent current employees because "being familiar with (the company's) employment practices

7

and being free from any possible coercive influence of management" made the former employee plaintiff better suited to challenge the company's alleged discriminatory practices).

This court has previously found the same in a factually analogous case. Johnson v. GMRI, Inc., 2007 WL 2462101, *4-5 (E.D. Cal. Aug. 27, 2007). In Johnson, a wage class action, the defendants asserted that the class representative plaintiffs, who were former employees of the defendants, lacked standing to enjoin the defendants' current employment practices. Applying Wofford and Wetzel, this court held that "disqualifying [former employee] plaintiffs [from] seek[ing] injunctive relief would unfairly advantage defendants and rob potential class members of a remedy." Id. at *5. Like the defendants in Johnson, here, defendant's contention that it seeks to challenge plaintiff's Article III standing, not plaintiff's ability to represent a class, is a distinction without merit as plaintiff properly seeks to represent a potential class. Defendant offers no authority to support its argument that plaintiff cannot rely on unnamed putative class members for standing. At this point, as recognized in Johnson, striking the claim for injunctive relief is "premature." Id. After class discovery and at the time of the class certification motion, defendant may renew its challenge to the viability of a claim for injunctive relief based on the established class plaintiff seeks to certify.

### 3. Punitive Damages

Defendant moves to dismiss and/or strike plaintiff's request for punitive damages with respect to his third claim for relief for failure to provide meal periods after five hours worked.

8

This claim alleges violation of California Labor Code § 512. Plaintiff did not oppose defendant's motion on this issue and appropriately so.  Punitive damages are not an available remedy for statutory claims brought under the Labor Code.  <u>Czechowski v. Tandy Corp.</u>, 731 F. Supp. 406, 410 (N.D. Cal. 1990) (holding that the "Legislature's provision of . . . statutory penalties preclude an award of punitive damages"); <u>Green v. Party City Corporation</u>, 2002 U.S. Dist. LEXIS *13-14 (C.D. Cal. April 9, 2002) (recognizing that "the Labor Code provides a detailed remedial scheme for violation of its provisions" and therefore, the "plaintiff [could] not advance a claim for punitive damages").

Thus, plaintiff's claim for punitive damages with respect to his third claim for relief is dismissed; such damages are not recoverable by law.[3]

**4.  Motion to Strike**

Defendant separately moves to strike, pursuant to Federal Rule of Civil Procedure 12(f), "any and all language [in the complaint] concerning conversion," "injunctive relief," and "punitive damages for alleged violation of the Labor Code."  (<u>See</u> Not. of Mot., filed July 25, 2008 [setting forth specific paragraph references].)  Because the court does not dismiss plaintiff's claim for injunctive relief, it likewise denies defendant's motion to strike all language pertaining to that claim.  With respect to the dismissed claims for conversion and

---

[3] Plaintiff also seeks punitive damages in conjunction with his conversion claim.  That claim is now dismissed, and thus, this additional claim for punitive damages is not viable as well.

punitive damages, the court denies defendant's motion to strike as moot.  As these substantive claims are hereby dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), it is unnecessary to additionally strike the pertinent language of the complaint addressing these claims.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED in part and DENIED in part.  Defendant's motion is granted with respect to plaintiff's conversion and punitive damages claims,[4] and it is denied with respect to plaintiff's injunctive relief claim.  Defendant's motion to strike is DENIED.

IT IS SO ORDERED.

DATED: September 3, 2008

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[4] Because plaintiff cannot individually bring claims for conversion or punitive damages, as addressed above, he also cannot bring said claims on behalf of a class.  See General Telephone Co. of Southwest v. Falcon, 457 U.S. 147 (1982) (holding persons without claims themselves cannot represent a class who may have such claims).