# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY A. JACOBS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>GENESCO, INC., and DOES 1-10 inclusive,<br><br>    Defendant. | Case No. 2:08-CV-01666-FCD-DAD<br><br>**ORDER (1) PRELIMINARILY APPROVING PROPOSED CLASS ACTION SETTLEMENT, (2) CONDITIONALLY CERTIFYING SETTLEMENT CLASS, (3) DIRECTING MAILING OF NOTICE AND CLAIM FORM TO THE CLASS, AND (4) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS** |

On September 30, 2009, Plaintiff Tony Jacobs ("Plaintiff" or "Jacobs") filed a Motion for Preliminary Approval of Class Action Settlement (the "Motion"). Plaintiff's Motion was unopposed by Defendant Genesco, Inc. ("Defendant" or "Genesco") (Plaintiff and Defendant are referred to together as the "Parties"). The Parties' fully executed Stipulation of Class Action Settlement and Limited Release, along with its exhibits (the "Agreement" or "Settlement"), was attached as an exhibit to the Motion.

On November 13, 2009 and January 15, 2010, the Court held hearings on Plaintiff's Motion. Michael L. Carver and Patricia Savage of The Law Offices of Michael L. Carver

appeared on behalf of Plaintiff and the proposed Class.  Eric Meckley of Morgan, Lewis & Bockius, LLP appeared on behalf of Defendant Genesco, Inc.

The Court has considered Plaintiff's Motion, the Settlement, the Notice of Pendency of Class Action and Proposed Settlement ("Class Notice"), the Claim Form ("Claim Form"), and the Opt Out Request Form ("Opt Out Request"), as well as the all supporting legal authorities and other papers submitted in connection with the Motion, and for good cause appearing therefore, the Court now FINDS and ORDERS as follows:

1. All defined terms contained herein shall have the same meaning as set forth in the Agreement executed by the Parties and filed with this Court.

2. For settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court conditionally certifies the following Settlement Class:

> All current and former employees of Defendant and any other subsidiaries and/or affiliates of Defendant, including Hatworld, Inc., who are or were employed in the State of California at any time from August 9, 2005 through and including the Date of Preliminary Approval in one or more of the following positions: "Store Manager," "Co-Manager," "Assistant Store Manager" or "Manager-in-Training."

3. The Court conditionally finds that, solely and exclusively for the purposes of approving this Settlement, the proposed Class meets the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, in that: (a) the proposed Settlement Class is ascertainable and so numerous (more than 1,500 persons) that joinder of all members is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class regarding whether Defendant had certain policies that violated California wage and hour laws; (c) the claims of Plaintiff are typical of the claims of other members of the proposed Settlement Class; (d) Plaintiff and his counsel will fairly and adequately protect the interests of the proposed Settlement Class; and (e) there are certain questions of law or fact germane to the Settlement Class and a settlement class action is superior to other available methods for an efficient resolution of this controversy.

4. If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification for settlement purposes as part of the Settlement

1  shall have no bearing on, and will not be admissible in connection with, the issue of whether a
2  class in this action should be certified in a non-settlement context.  The Court's findings herein
3  are solely for purposes of conditionally certifying a Settlement Class and will not have any claim
4  or issue or evidentiary preclusion or estoppel effect in any other action against the Released
5  Parties, or in this Litigation if the Settlement is not finally approved.

6  5.  The Court appoints, for settlement purposes only, Plaintiff Tony A. Jacobs as
7  Class Representative.

8  6.  The Court appoints, for settlement purposes only, The Law Offices of Michael L.
9  Carver as Class Counsel.  The Court finds that Plaintiff's counsel has extensive experience and
10  expertise in prosecuting wage and hour class actions.

11  7.  The Court finds on a preliminary basis that the proposed Settlement described in
12  the Agreement appears to be fundamentally fair and adequate and falls within the "range of
13  reasonableness" and therefore grants preliminary approval of the Settlement.  Fed. Rule Civil Pro.
14  23(e)(2); *see also Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992).  Based
15  on a review of the papers submitted by the Parties, the Court finds that the Settlement is the result
16  of extensive arms-length negotiations conducted after Class Counsel had adequately investigated
17  the claims and became familiar with the strengths and weaknesses of those claims.  The
18  assistance of experienced mediator the Honorable Ronald M. Sabraw (Ret.) in the settlement
19  process supports the Court's conclusion that the Settlement is non-collusive.  The Court finds the
20  Settlement to be presumptively valid, subject only to any objections that may be raised at the
21  Final Fairness and Approval Hearing.

22  8.  The Court finds and concludes that the Class Notice and Claim Form and the
23  procedure set forth in the Agreement for providing notice to the Settlement Class will provide the
24  best notice practicable, satisfies the notice requirements of Rule 23(e)(1), adequately advises
25  Settlement Class Members of their rights under this Settlement, and therefore meet the
26  requirements of due process.

27  a.  <u>Class Notice</u>: The Class Notice fairly, plainly, accurately, and reasonably
28  informs Settlement Class Members of:  (1) appropriate information about the nature of this

3   ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT

1  Litigation, the definition of the Class, the identity of Class Counsel, and the essential terms of the
2  Settlement, including the plan of allocation; (2) appropriate information about Class Counsel's
3  intended application for attorneys' fees and litigation costs award; (3) appropriate information
4  about how to claim a share of the proceeds under the Settlement, and about Class Members' right
5  to appear through counsel if they desire; (4) appropriate information about how to object to the
6  Settlement or submit an Opt-Out Request, if a Class Member wishes to do so; and (5) appropriate
7  instructions as to how to obtain additional information regarding this Litigation and the
8  Settlement.  The proposed plan for mailing the Class Notice, Claim Form and Opt Out form via
9  First Class postage-prepaid United States mail to Class Members' last known addresses, after first
10 seeking updated addresses from the U.S. Postal Service for all Class Members, is an appropriate
11 method, reasonably designed to reach all individuals who would be bound by the Settlement.  If
12 the Class Notice is returned as undeliverable, the Claims Administrator will make reasonable
13 efforts to obtain a current and valid mailing address, including by performing a skip search using
14 the Class Member's Social Security Number.  There is no alternative method of distribution that
15 would be practical and reasonably likely to notify Settlement Class members who may not
16 receive the Class Notice pursuant to the proposed distribution plan.  The proposed Class Notice
17 and plan for providing notice as described in the Agreement is the best practicable notice under
18 the facts and circumstances of this case.
19           b.  <u>Claim Form</u>:  The proposed Claim Form allows Class Members a full and fair
20 opportunity to submit a claim for proceeds under the Settlement.  The Claim Form fairly,
21 accurately, and reasonably informs Class Members that the failure to complete and submit a
22 Claim Form, in the manner and time specified, will constitute a waiver of any right to obtain any
23 share of the proceeds under the Settlement.
24           c.  <u>Opt-Out Form</u>:  The proposed Opt Out Form allows Class Members a full and
25 fair opportunity to request exclusion from the Settlement.  The Opt Out Form fairly, accurately,
26 and reasonably informs Class Members that submission of the Opt Out Form, in the manner and
27 time specified, will remove them from the Settlement Class, preclude them from receiving any
28 monetary payment as a result of the Settlement and preserve their right to pursue any claims they

may have against Defendant.

        d.  The Class Notice, Claim Form and Opt Out Form and the manner of distributing these notice documents to the Settlement Class are hereby approved.

9. The Parties are ordered to carry out and proceed with the Settlement according to the terms and conditions of the Settlement Agreement.

10. The Court appoints Gilardi & Co. as the Claims Administrator.  Promptly following the entry of this order, the Claims Administrator will prepare final versions of the Class Notice, Claim Form and Opt Out Form, incorporating into them the relevant dates and deadlines set forth in this Order.

11. Within twenty-one (21) calendar days after the entry of the Preliminary Approval Order, Defendant shall provide the Claims Administrator with a list of each Settlement Class Member, setting forth in separate columns in spreadsheet format, or some other format mutually agreed upon by Defendant and the Claims Administrator, for each Settlement Class Member (i) his or her name, (ii) Last Known Address and (if available) telephone number, (iii) Social Security Number, (iv) start and end dates of the period(s) in the Class Period during which the Class Member worked in a position as "Store Manager," "Co-Manager," "Assistant Store Manager" or "Manager-in-Training" in California, (v) status as either a current or former employee, and (vi) the number of Compensable Shifts the Class Member worked during the Class Period (along with a statement of the total number of Compensable Shifts worked by all Class Members).  The Claims Administrator shall maintain this information as private and confidential and shall not disclose such data to any persons or entities other than Defendant, except that relevant information may be provided to Class Counsel to the extent necessary to address a disputed claim by, or to respond to a specific inquiry from, a Settlement Class Member.

12. No later than thirty-five (35) calendar days following the date this Order of Preliminary Approval is entered, the Claims Administrator, after validating and updating the addresses of all Class Members, shall send the Class Notice, Claim Form and Opt Out Form to all Class Members via postage pre-paid First Class U.S. Mail.  The Claims Administrator is directed to take all other actions in furtherance of claims administration as specified in the Agreement.

13. Settlement Class Members who wish to receive a Claim Amount must fully and validly complete and timely return a Claim Form to the Claims Administrator in the manner provided in the Agreement. The Claims Period Deadline for submitting a Claim Form is fifty (50) calendar days after the date on which Notice is mailed to the Class Members by the Claims Administrator, as evidenced by the postmark. For Class Members who are re-sent a Final Notice under Section 10.2 of the Agreement, the Notice Period shall be extended another fifteen (15) calendar days.

14. Settlement Class Members who wish to exclude themselves from the Settlement must sign and submit an Opt-Out Request in the manner provided in the Agreement. The deadline for submitting an Opt-Out Request is the Claims Period Deadline. Any member of the Class who requests exclusion from the Settlement will not be entitled to any share of the Settlement and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon. Settlement Class Members who fail to submit a valid and timely Opt-Out Request shall be bound by all terms of the Agreement, regardless of whether they otherwise have requested exclusion from the Settlement.

15. Class Members who submit both an Opt-Out Request and a Claim Form shall be promptly sent a cure letter by the Administrator requesting clarification of the Class Member's intent. The cure letter will state that unless the Class Member clarifies in writing by the Claims Period Deadline that he or she intends to opt out, the Class Member will be deemed to be an Eligible Class member and shall be bound by the terms of this Agreement, including the Release of Claims.

16. A Class Member may dispute any of the information on the Claim Form by completing the dispute portion of the Claim Form and providing the completed form together with any supporting information or documentation to the Claims Administrator by the Claims Period Deadline. Defendant and the Claims Administrator shall attempt in good faith to resolve any such dispute. The Claims Administrator shall have the authority, based on information provided by Defendant and information provided by the actual or claimed Class Member, to issue a final non-appealable decision with regard to any dispute that cannot be resolved by Defendant

and the Claims Administrator.

17. Any Settlement Class Member who does not Opt-Out but who wishes to object to the Settlement or otherwise to be heard concerning the Agreement may object by filing written objections with the Court and mailing a copy of his or her objections to Class Counsel and Defendant via first-class United States mail.  To be considered timely, the objections must be filed and mailed no later than the Claims Period Deadline.  The objections must include any supporting papers and legal and/or factual arguments.  Any Class Member who fails to file and serve a timely written objection shall be barred from making any statement objecting to the Settlement, including at the Final Approval and Fairness Hearing, and shall forever waive his or her objection, except by special permission of the Court.  Either of the Parties may file a responsive document to any objection no later than five (5) court days before the Final Approval Hearing.

18. Defendant shall have the right to terminate the Settlement in the event that prior to the Final Approval Hearing ten percent (10%) or more of the Class Members have filed timely and valid Opt Out Requests in accordance with the provisions of this Agreement, or in the event that Class Members possessing in the aggregate claims of ten percent (10%) or more of the Net Settlement Consideration have filed timely and valid Opt Out Requests in accordance with the provisions of this Agreement.  In the event Defendant elects to terminate the Agreement, Defendant will provide notice of termination in writing to Class Counsel and the Court at least ten (10) Court days prior to the date of the Final Approval Hearing.  If Defendant elects to terminate the Settlement, it shall not be responsible for paying any of Class Counsel's attorney's fees and litigation costs.  In the event the Settlement is terminated, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as before entering into the Settlement.

19. The Court finds that reasonable attorneys' fees associated with this Settlement should be limited to 28% of the Maximum Settlement Amount (28% x $702,500 = $196,700).  The Court further finds that a reasonable Class Representative Service Award associated with this Settlement should be limited to 1% of the Maximum Settlement Amount (1% x $702,500 =

$7,025). The Court, having been briefed on the issues of attorneys fees and Class Representative Award, and having ruled on the above limits to the awards, will not require further briefing on those issues in connection with the Motion for Final Approval.

20. The Court will conduct a Final Approval Hearing on May 21, 2010, at 10:00 a.m. to: (1) determine whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court, including consideration of any timely filed objections; (2) confirm the amount of attorneys' fees and costs to award to Class Counsel; and (3) confirm the amount of the Class Representative Service Award, if any, to award Plaintiff.

21. Plaintiff's motion for final approval of the settlement, and Class Counsel's motion for awards of attorneys' fees and costs, and shall be filed no later than fifteen (15) calendar days prior to the date of the Final Approval Hearing. Any opposition(s) to such motion shall be due on or before seven (7) calendar days prior to the date of the Final Approval Hearing.

22. To the extent permitted by law, pending final determination as to whether the Settlement contained in the Agreement should be approved, the Plaintiff/Class Representative and all Class Members who do not Opt Out of the Settlement, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in this Litigation, shall not institute or prosecute any claims or actions against the Released Parties (Genesco, Inc. and each of its past, present and/or former direct and/or indirect affiliates, parents, subsidiaries, divisions and related companies (including but not limited to Hatworld, Inc.), and their shareholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, partners, investors, administrators, employee benefit plans, predecessors, successors and assigns) which fall within the definition of the Released Claims in the Agreement, and any pending actions against the Released Parties, whether in court, arbitration or pending before any state or federal governmental administrative agency, are stayed on an interim basis as to any claims which fall within the definition of the Released Claims, and all such pending actions will be bound by the Final Judgment, absent submission of a valid and timely Opt-Out Request, in which case the individual opting out may pursue his or her individual claims, but not class or representative claims, that fall within the definition of the Released Claims.

23. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Agreement, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Agreement.

**IT IS SO ORDERED**.

Dated: January 21, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE