**FILED**

MAY 2 1 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY A. JACOBS, et al, | Case No. 2:08-CV-01666-FCD-DAD |
| Plaintiff, | ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSAL |
| v. | |
| GENESCO, INC, | Date: May 21, 2010<br>Time: 10:00 a.m.<br>Courtroom: 2<br>Honorable Frank C. Damrell, Jr. |
| Defendants. | |

On January 21, 2010, the Court preliminarily approved the settlement set forth in the Joint Stipulation of Class Action Settlement and Limited Release ("Stipulation" or "Settlement") between Plaintiff Tony A. Jacobs ("Plaintiff") and Defendant Genesco, Inc. ("Defendant") (together hereinafter the "Parties"). Having received and considered the Settlement, the supporting papers filed by the Parties, the response of the Class members to the Notice of Pendency of Class Action and Proposed Settlement, and the evidence and argument received by the Court at the preliminary approval hearings held on November 13, 2009 and January 15, 2009 and the Final Approval Hearing on May 21, 2010, by means of this Order of Final Approval of Class Action Settlement and Dismissal, the Court grants final approval of the Settlement, and HEREBY FINDS and ORDERS as follows:

1

1.  Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement.

2.  This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all Class Members. Specifically, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332. This Court also has supplemental jurisdiction over the state-law claims asserted by Plaintiffs because the state-law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction. 28 U.S.C. § 1367 (providing for supplemental jurisdiction over related state-law claims that "form part of the same case or controversy").

3.  Distribution of the Notice and the Claim Form directed to the Class Members as set forth in the Stipulation of Settlement and the other matters set forth therein, have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation of Settlement and of Class Members' right to object to or opt out of the Settlement, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included with the Settlement and this Final Order.

4.  This Court hereby approves the Settlement as set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious, and non-collusive arm's-length negotiations. The Court further finds that the Parties have conducted sufficient investigation and research, and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks

ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSAL

1  that would be presented by the further prosecution of the Action.

2       5.      In granting final approval of the Settlement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Class Members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member.

       6.      The Court further finds that the response of the Class to the Settlement supports final approval of the Settlement. Specifically, no Class Member has objected to the Settlement. Accordingly, pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), the Court finds that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member. *Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003).

       7.      The Court hereby finds the Maximum Settlement Amount provided for in the Settlement to be fair, reasonable, and adequate.

       8.      The Court also hereby finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23.

       9.      Solely for the purposes of effectuating the Settlement, the Court hereby certifies the Class, defined in the Settlement as follows:

> All current and former employees of Defendant and any other subsidiaries and/or affiliates of Defendant, including Hatworld, Inc., who are or were employed in the State of California at any time from August 9, 2005 through and including the Date of Preliminary Approval in one or more of the following positions: "Store Manager", "Co-Manager", "Assistant Store Manager" or "Manager-in-Training".

For the reasons stated in the Preliminary Approval Order and solely for the purposes of effectuating the Settlement, this Court finds that the Class meets the legal requirements for class certification under Rule 23. This certification for settlement purposes only shall not be construed to be an admission or determination as to the certifiability of any class action in the Lawsuit or for

1   any other purpose, and shall not be cited or referred to in terms of the propriety of any class
2   action in this Lawsuit, in any other action or proceeding, or otherwise.

3       10.    The "Class Members" are those eligible persons who did not elect to be excluded
4   from the Class for the Released Claims. As of the Effective Date, the Settlement Class and each
5   member of the Class who has not submitted a valid Opt Out Request, fully releases and
6   discharges Defendant and each of its past, present and/or former direct and/or indirect affiliates,
7   parents, subsidiaries, divisions and related companies (including but not limited to Hatworld,
8   Inc.), and their shareholders, officers, directors, employees, agents, servants, representatives,
9   attorneys, insurers, partners, investors, administrators, employee benefit plans, predecessors,
10  successors and assigns ("Released Parties"), from any and all applicable California wage and
11  hour claims, rights, demands, liabilities, and causes of action of every nature and description
12  which have or could have been brought in the Lawsuit against Defendant, whether known or
13  unknown, arising from or related to the lawsuit against defendant, including without limitation,
14  any claims for: (1) failure to pay minimum and regular wages in violation of Labor Code sections
15  201, 202, 221, 1194 and 1194.2, (2) failure to pay overtime wages in violation of Labor Code
16  sections 510, 1194 and 1194.2, (3) failure to pay premium wages pursuant to Labor Code section
17  226.7 for missed meal and rest periods in violation of Labor Code section 512 and the applicable
18  Industrial Welfare Commission Wage Order, (4) failure to timely and fully pay final wages due at
19  termination in violation of Labor Code sections 201, 202 and 203 and the applicable Industrial
20  Welfare Commission Wage Order, (5) failure to furnish accurate itemized wage statements
21  pursuant to Labor Code sections 226 and 1174 and the applicable Industrial Welfare Commission
22  Wage Order, (6) failure to allow one day's rest in seven (7) days of work in violation of Labor
23  Code sections 551 and 552 and 558, (7) unlawful business practices in violation of Business &
24  Professions Code sections 17200, *et seq.* based upon the alleged violations stated in this
25  Paragraph, (8) recovery of overtime pay, regular pay, premium pay, penalties, interest, actual
26  damages, liquidated damages, punitive damages, costs, attorneys' fees, injunctive relief or
27  accounting, including penalties based upon the Industrial Welfare Commission Wage Orders
28  and/or under California Labor Code sections 201, 202, 203, 204, 210, 218.5, 218.6, 226, 226.3,

226.7, 510, 512, 551, 552, 558, 1194, 1194.2, 1199 and Code of Civil Procedure section 1021.5, and (9) penalties under Labor Code section 2698, *et seq.* (the Private Attorneys General Act of 2004, as amended (the "PAGA")) based upon any alleged violation of any of the Labor Code sections specified in this Paragraph (the "Released Claims"). The Released Claims do not include Workers' Compensation claims. All Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

11. The Stipulation and Settlement are not an admission by Defendant, nor is this Judgment a finding, of the validity of any claims in the Action or of any wrongdoing by Defendant. The entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant, and shall not be offered in evidence in any action or proceeding against Defendant, in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Stipulation, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding the Judgment, Stipulation, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims. Nothing in this Order precludes any action to enforce the Parties' obligations under the Settlement or under this Order.

12. The Court orders the Parties to implement the distribution of the proceeds of the Class Action Settlement. The Court hereby dismisses the Action on the merits and with prejudice as to the named Plaintiff and as to all Class Members in favor of Defendant, and without costs or attorneys' fees to any of the Parties as against any other settling party, except as provided for in the Settlement. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith. All Class Members, except those who timely opted out of the Settlement, are bound by the instant Final Approval and

Order of Dismissal and by the terms of the Stipulation.

13. The Court finds that the individuals listed on Exhibit 1 hereto submitted timely Opt Out Requests and, accordingly, are not bound by the terms of the Settlement or the Judgment in this Action.

14. The Court orders the Parties to implement, and comply with, the terms of the Settlement Agreement, including those terms relating to the payment of claims.

15. The Court authorizes and directs the Claims Administrator, Gilardi & Co., LLC, to calculate and pay the claims of all Participating Claimants in accordance with the terms of the Settlement Agreement.

16. The Court hereby awards the Law Offices of Michael Carver ("Class Counsel") attorneys' fees in the amount of $196,700.00 and costs of $7,000.00. The Court also hereby approves a service payment to the Plaintiff Tony A. Jacobs in the amount of $7,025.00.

17. Pursuant to the Settlement Agreement, the PAGA Penalty Payment amount shall be $15,000.00. Pursuant to the express requirements of Labor Code section 2699(i), the PAGA Penalty Payment shall be allocated and paid as follows: $11,250 (75%) shall be paid to the Labor & Workforce Development Agency and the remaining $3,750 (25%) shall be paid on a *pro rata* basis to Eligible Class Members based upon the respective value of their claims.

18. The Claims Administrator shall be paid up to the amount of $25,000.00 for the cost and expense associated with administration of the settlement claims process, in accordance with the terms of the Settlement.

19. The Court finds that the Stipulation is in good faith and constitutes a fair, reasonable and adequate compromise of the Released Claims against Defendant.

20. If the Settlement does not become final and effective in accordance with the terms of the Stipulation, resulting in the return and/or retention of the entire Settlement Fund to Defendant, consistent with the terms of the Settlement, then this Judgment and all orders entered in connection herewith shall be rendered null and void and shall be vacated.

21. The Court hereby enters judgment approving the terms of the Settlement Agreement. This document shall constitute a final judgment for purposes of Federal Rule of Civil Procedure, Rule 58.

Dated: May 21, 2010

_____
HON. FRANK C. DAMRELL, JR
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSAL

**EXHIBIT 1**

Names of Opt-Outs

| | |
|---|---|
| GRACE | DE LOS SANTOS |
| ROSANNA | HARMON |
| KIMBERLY | HERNANDEZ |
| RONALD | HUYCK |
| KELLY | O LEARY |
| JOSE | ROMERO |
| JONATHAN | TSUTSUMI |
| ALLISON | ZOLADZ |

ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSAL